UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-410-RJC
(3:05-cr-353-RJC-DCK-1)

| | |
|---|---|
| AARON LARICO WYLIE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and the Government's Motion to Dismiss, (Doc. No. 5).

**I.     BACKGROUND**

Petitioner was charged by Superseding Indictment with: Counts (1), (3), (5), (7), Hobbs Act robbery of the Drury Inn Hotel, Hampton Inn Suites, Hampton Inn Uptown, and AmeriSuites Hotel, respectively, "in that he did attempt to take and did take personal property, that is, a sum of money, … from the person an presence of an employee of that business, against that person's will and by means of actual and threatened force, violence, and fear of immediate and future injury…," (18 U.S.C. § 1951); Counts (2), (4), (6), (8), using, carrying and brandishing a firearm during and in relation to a crime of violence, "that is, the robbery of" the Drury Inn Hotel, Hampton Inn Suites, and Hampton Inn Uptown and AmeriSuites Hotel, respectively (18 U.S.C. § 924(c)(1)). (3:05-cr-353, Doc. No. 19).

A jury found Petitioner guilty of Counts (1), (2), (5), (6), (7), and (8), and not guilty of Counts (3) and (4). (Id., Doc. No. 41). The Court sentenced Petitioner to a total of 741 months'

1

imprisonment consisting of 57 months for Counts (1), (5), and (7), concurrent, 84 months for Count (2), consecutive, and 300 months for Counts (6) and (8), consecutive, followed by three years of supervised release. (Id., Doc. No. 43).

On direct appeal, Petitioner challenged the Court's denial of his suppression motion. The Fourth Circuit Court of Appeals affirmed, United States v. Wylie, 328 Fed. Appx. 888 (4th Cir. 2009), and the United States Supreme Court denied certiorari, Wylie v. United States, 558 U.S. 1034 (2009).

Petitioner filed his timely § 2255 Motion to Vacate through counsel, arguing that his convictions for "possessing a firearm during and in relation to a Hobbs Act robbery" in violation of 18 U.S.C. § 924(c) are invalid under Johnson v. United States, 135 S.Ct. 2551 (2015). (Doc. No. 1 at 1). He argues that § 924(c)'s residual clause is unconstitutionally vague and that Hobbs Act robbery is not a crime of violence under § 924(c)'s force clause because it does not require the use or threatened use of physical force and can be committed by placing a person in fear of injury to property.

This case was stayed for several years pending the Fourth Circuit's consideration of United States v. Ali, Case No. 15-4433 and United States v. Simms, Case No. 15-4640. (Doc. No. 4).

The Government filed a Motion to Dismiss arguing that Petitioner's claims are procedurally barred because he failed to raise them on direct appeal and cannot show cause and prejudice or actual innocence. Further, his claims are foreclosed by United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), which holds that Hobbs Act robbery is a crime of violence under § 924(c)'s force clause.

In his Supplemental Memorandum and Response to the Government's Motion to Dismiss, (Doc. No. 12), Petitioner argues that his § 924(c) convictions are invalid because the jury

2

instructions permitted the jury to find Petitioner guilty of violating § 924(c) based on *attempt* to commit Hobbs Act robbery and the general verdict does not specify which offense formed the basis for the verdict. Because attempted Hobbs Act robbery is not a crime of violence under United States v. Davis, 139 S.Ct. 2319 (2019), Petitioner's § 924(c) convictions are void. Petitioner's claims are not procedurally defaulted because attacks on the constitutionality of the conviction and the indictment's failure to state an offense cannot be procedurally defaulted. Petitioner can demonstrate cause and prejudice because his claim is novel and he is actually innocent of the § 924(c) convictions. Alternatively, Petitioner asks the Government to consent to granting § 2255 relief because the § 924(c) mandatory stacking provisions resulted in an excessively harsh sentence for offenses that involved no physical injury to others and in light of his rehabilitation and family support.

The Government filed a Reply, (Doc. No. 15), arguing that Petitioner's challenge to the jury instructions and verdict is untimely, procedurally defaulted, and meritless. The Government declines Petitioner's request to consent to the granting of § 2255 relief.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collater al attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds

that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

**(1) Procedural Default**

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994).

Cause for procedural default exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner argues that he did not raise his § 924(c) claim on direct appeal because his Johnson/ Davis attack on the § 924(c) conviction and sentence is novel. Assuming *arguendo* that Petitioner has demonstrated cause, his procedural default is not excused because he cannot show prejudice. The § 924(c) convictions are valid and are not undermined by a novel legal theory. See Section (2), *infra*.

Petitioner similarly argues that he is actually innocent of violating § 924(c) because an intervening change in the law establishes that a petitioner has been convicted for conduct that is not prohibited by law. However, the record conclusively refutes Petitioner's claim that he is innocent of violating § 924(c) so the actual innocence exception does not except him from the procedural default bar. See Section (2), *infra*; United States v. Terry, 788 Fed. Appx. 933 (4th Cir. 2020) (rejecting § 2255 petitioner's claim that he is actually innocent of the § 924(c) offense because Hobbs Act robbery constitutes a crime of violence under the § 924(c) force clause).

Petitioner's claims are therefore procedurally defaulted from collateral review and are subject to dismissal.

**(2)** **Merits**

Petitioner contends that his § 924(c) convictions are invalid because the predicate offenses are not crimes of violence. Assuming *arguendo* that these claims are not procedurally defaulted, they fail on the merits.

In Johnson, the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause is void for vagueness, which is a retroactively applicable right. Id.; Welch v. United States, 136 S.Ct. 1257, 1265 (2016). The Supreme Court recently held that § 924(c)(3)(B)'s residual clause is likewise unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019).

Petitioner's challenge to his § 924(c) convictions is foreclosed by precedent. Davis does not affect Petitioner's conviction because "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019).

Petitioner's new claim that vague jury instructions and the general verdict form could have allowed the jury to find that *attempted* Hobbs Act robbery was the basis for the § 924(c) charges is procedurally defaulted, time-barred, and meritless. This claim was not raised until January 3, 2020, more than a decade after Petitioner's conviction and sentence became final and more than three and a half years after he filed his § 2255 based on Johnson. Petitioner fails to demonstrate that this new claim relates back to the original timely § 2255 Motion to Vacate or that any exception to § 2255's statute of limitations applies. See generally 28 U.S.C. § 2255(f); Mayle v. Felix, 545 U.S. 644, 664 (2005) (discussing relation back); Holland v. Florida, 560 U.S 631, 649 (2010) (discussing equitable tolling). Further, Petitioner could have raised the alleged jury instruction and verdict form errors on direct appeal but failed to do so. He is unable to demonstrate cause and prejudice or actual innocence because his claims of error are conclusively refuted by the record.

Petitioner's § 924(c) claim is meritless. The Superseding Indictment charges in Counts (2), (6), and (8) that Petitioner violated § 924(c) by carrying and using a firearm in furtherance of a crime of violence, "that is, robbery…" as set forth in Counts (1), (5) and (7). (3:05-cr-353, Doc. No. 19). The Court read the Superseding Indictment to the jury including that each of the § 924(c) offenses is supported by "robbery" of the respective businesses. (Id., Doc. No. 54 at 142, 147, 150, 153). The jury found Petitioner guilty of those offenses based on evidence that Petitioner actually committed the Hobbs Act robberies upon which the § 924(c) convictions are based. The absence

6

of any ambiguity is confirmed by the Fourth Circuit's opinion on direct appeal where it noted that Petitioner "was convicted of three counts of robbery affecting commerce, 18 U.S.C. § 1951 (2006), and three counts of possession of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1) (2006)." Wylie, 328 Fed. Appx. at 889.

Petitioner's § 924(c) convictions and sentences are valid. Therefore, the Government's Motion to Dismiss will be granted and Petitioner's § 2255 Motion to Vacate will be dismissed and denied.

**IV.　CONCLUSION**

For the foregoing reasons, the Court will grant the Government's Motion to Dismiss and dismiss and deny Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED that:**

1. The Respondent's Motion to Dismiss, (Doc. No. 5), is **GRANTED**.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 21, 2020

Robert J. Conrad, Jr.
United States District Judge